ELBERT S. KIP and another, Respondents, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Appellant.

*Eminent domain — when action to restrain proceedings cannot be maintained — lands leased to railroad company may be taken by the lessee — Proceedings to acquire land may be maintained by railroad after lease of its road to another company.*

An action cannot be maintained to restrain a railroad company from prosecuting proceedings instituted to acquire the title to land necessary for the purpose of its incorporation, on the ground that the statutes authorizing them is unconstitutional, when that question can be presented and passed upon in the proceedings themselves.

*Semble,* that such proceedings may be maintained although the railroad company is in possession under a lease, as if the lands are acquired subject to the lease, the obligations of the lessee are not affected, and if the fee and leasehold estates are both acquired, compensation must be made for both.

A company is not prevented from continuing such proceedings by the fact that it has, subsequent to the commencement thereof, executed a lease of its road to another company for a term of years.

*Semble*, that such lease is valid.

Appeal from a judgment of the Special Term, overruling a demurrer to the complaint.

*Wm. A. Beach*, for the appellant.

*Elbridge T. Gerry*, for the respondents.

Davis, P. J.:

The demurrer is to both the original and supplemental complaints. The original complaint was filed to restrain the appellant from further prosecuting proceedings to acquire title to certain premises under the provisions of the general railroad act ; and the substantial ground on which the injunction was sought is, that the statutes of this State authorizing proceedings to condemn lands for railroad purposes, "have no applicability to property which at the time is in the actual use or occupation of the company prosecuting the proceedings, and held by such company under an unexpired lease from the owners, because the acts which permit the same would, if applied to such a case, impair the obligations of the lease and of its covenants and agreements, and therefore be violative of the provision of the Constitution of the United States which prohibits the passage of laws by the several States to impair the obligation of contracts." The complaint proceeds of course upon the assumption that this court, in the proceedings mentioned as pending before it, may pronounce an erroneous judgment in violation of the Constitution of the United States, and that the suitor in those proceedings should therefore be prevented by injunction from asking the court to do so. The parties to the proceedings and to this action are the same, and the question of constitutionality of the legislative acts referred to, lies upon the face of both the action and the proceedings, and must in both be determined by the same court. In the proceedings, relief is sought which cannot be given in the present action if decided adversely to the respondent, and which must be obtained by the appellant in such or similar proceedings as those now pending and sought to be restrained, as there is no other mode provided

by law.    It would seem, therefore, an improvident waste of time to tie up by injunction, on a single legal question, proceedings in which that identical question must be adjudicated before any injury can occur to the owners of the land.    But it is suggested that the question can be more directly and easily taken, after an adverse decision to the plaintiffs herein, to the ultimate constitutional tribunal, the Supreme Court of the United States, in this action, than on the final decision of those proceedings.    The fact is not very apparent, but if it were, it does not seem consistent with the dignity of our courts to enjoin proceedings provided by our laws for the determination of the eminent domain of our own State, in anticipation of an erroneous judgment, for the purpose of affording to the party who fancies himself in danger of injury from such a possibility, a shorter and easier process of carrying his anticipated grievance to a foreign tribunal.    For this reason alone, the demurrer to the original complaint ought to have been sustained if it be deemed sufficient in form to raise the question under the Code.

But we think the rights of the parties (so far as affected by questions existing at that time) have already been determined by the Court of Appeals in the proceedings now sought to be restrained. In *The New York and Harlem Railroad Co. v. Kip* (46 N. Y., 546), that court held that those proceedings could be maintained to acquire title to the premises in question, notwithstanding the petitioner was then in possession and occupancy under the lease, which then had seven years to run ; and, in the language of ALLEN, J., that "the taking of the lease does not create an estoppel against the application.    The application is not to condemn the rent or the right to the rent for the term ; it is to acquire the land, subject to the lease, the remedy which has become necessary for the purposes of the corporation."    (46 N. Y., 555.)

It is very clear that proceedings which recognize and preserve the lease and its covenants, cannot be said to impair the obligations of the contract.    Nor do we suppose that if the proceeding to acquire title also sought to condemn the term created by the lease, so that the land should be free from the lesser estate, it would be in any sense in conflict with the provision of the Constitution, provided such lease were recognized in its full force and effect and made the

basis of compensation at its full value. This would not be to impair the covenants of the lease, but to recognize them at their full value, for the benefit of the lessors, by compensating the lessors for both the value of the lease and their estate in remainder in the lands. It is enough to say that in this case the railroad company cannot displace, or in any wise get rid of the obligations of the lease, if they acquire the land subject to the lease; nor if they acquire both estates in the land can they escape compensating the owner for the value of both.

The supplemental complaint is filed to bring before the court the subsequent lease, made by the New York and Harlem Railroad Company to the Hudson River and New York Central Railroad Company, of its railroad and all appurtenances for the term of 401 years, by reason of which it is insisted that the former company has ceased to carry on the railroad and to have any necessity for acquiring title to the premises of the plaintiffs. It is supposed by the learned counsel for the respondents, that "the fact that the premises in question are not now required by the defendant for the purpose of its incorporation, is admitted by the demurrer to the supplemental complaint." If this supposition were well founded, the demurrer could not be sustained. But on reference to the supplemental complaint, it will be seen that this fact is only argumentatively alleged. The plaintiffs say that, "by the demises, assignments, conveyances and covenants in the said instrument and deed contained, the defendants, as these plaintiffs are advised and believe, have surrendered, waived and abrogated any and all right or interest to prosecute the proceedings mentioned in the original complaint in this action, or any proceedings, to acquire the lands mentioned in the original complaint for corporate uses of the defendants against the consent of these plaintiffs; and have terminated and removed all necessity, if any necessity ever existed, which these plaintiffs deny, for the acquisition by the defendants above named of the said lands for the corporate use of defendants, so that such alleged necessity has ceased."

The demurrer does not therefore admit, *as a fact*, that there is no necessity for the lands, but in effect insists that the deductions of plaintiffs from the facts stated are not legal and sound. The result is, that we are brought to determine the ques-

tion whether the fact of making the lease and agreement, as set forth and recited in the supplemental complaint, has terminated the proceedings then pending, so that they cannot be continued by the appellant for the benefit of itself, or of its lessee, under such lease and agreement.   In passing upon this question, we are not to shut our eyes to the state of the proceedings at the time the lease to the Hudson River and New York Central Railroad Company was made.   The court of last resort had already decided that the case was one in which the right of eminent domain could properly be exercised; and, as the opinion of the court states, "that the lands and premises, the title to which the applicant seeks to acquire by these proceedings, are required for the purposes of the corporation, is beyond dispute."   The lease of appellant demised to the lessee the term in the premises then held under the plaintiffs' lease, and the use and occupation of the premises.   It did not destroy or diminish the necessity for the title; but, so to speak, transferred the necessity for use and occupation of such lands, after title should be acquired, to the company by which the railroad was to be carried on.   In other words, the necessity for *public use* was not changed, but only the hand by which it is to be exercised.   The fee of the railroad and its *real* appurtenances remain in the appellant.   It is important that the fee should so remain, because, under the covenants of the lease, it may terminate by forfeiture at the end of any period of six months, and the right of re-entry may be exercised, and of course, at the expiration of the term, the landlord resumes all his rights of possession and occupancy.   In the mean while the appellant is owner of the road, and interested in its maintenance and occupation.   It has not divested, nor can it divest, itself of its obligations and duties to the State and to the public.   In respect of them, it is performing its obligations and duties by the hands of its tenants, instead of more directly by the hands of its servants; but any failure of its tenants to perform such duties and obligations is its own failure, for which the State may summon it to direct accountability.   The power of the State to exercise its right of eminent domain through this corporation whenever public interests and uses require its exercise, as determined by the judgment of a competent tribunal, is not gone by a change in the mode of operating the railroad.   If that would be

the effect, it would be the duty of the courts to hold the lease void as against public policy, in order that the duties and rights of the corporation toward the State and the public might stand in unimpaired vigor. We think, therefore, that it was clearly in the power of the appellant to continue the proceedings, the validity and necessity of which had already been adjudged by the courts, and that their restraint by action ought not to be permitted.

The demurrer was well taken, and the judgment of the court below must be reversed with costs, and judgment ordered for the demurrant with costs.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.