---

(57 Misc. Rep. 311.)

### NEW YORK CENT. & H. R. R. CO. v. DAILY et al.

(Supreme Court, Special Term, Westchester County. January, 1908.)

1. EMINENT DOMAIN—DELEGATION OF POWER—RAILROAD—NECESSITY OF APPROPRIATION.

A railroad company sought to acquire by condemnation certain land on which to establish facilities for handling freight. *Held*, that an objection by the landowners that it was practicable to acquire all needed facilities in another direction will not be sustained; the question being one for the discretion of the railroad officials.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 148.]

2. SAME—PROPERTY SUBJECT—PROPERTY PREVIOUSLY DEVOTED TO PUBLIC USE.

Where land owned by an electric light company is indispensable for its use at the time of an attempted condemnation of it by a railroad company, the court may in its discretion deny the application; but where the need for the public service, that the railroad company's scheme be carried out, is much greater than any need resulting from the continued use by the lighting company, the application will be granted, over the objection that the land was already devoted to a public use.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 107.]

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Catharine Daily and others. Judgment for plaintiff.

George C. Andrews, for plaintiff.

L. B. Grant, for defendants Northern Westchester Lighting Co. and Colonial Trust Co.

Hugh A. Thornton, for defendant Pierson.

MILLS, J. This is a proceeding brought by the plaintiff to acquire by condemnation certain parcels of land in the town of Ossining, adjoining its present right of way, for the purpose of carrying out its well-known general scheme of electrifying and improving its railroad from New York City north to Croton. The defendants Northern Westchester Lighting Company, as owner of parcel No. 3, and Colonial Trust Company, as mortgagee thereof, and Frank R. Pierson, as owner of parcels 11, 12, 13, and 14, interposed answers. The issues joined by the petition and such answers were duly brought to trial before me at Special Term, the evidence of the parties, taken, and briefs thereafter submitted by the various counsel. Such briefs present certain objections, several of which were examined by me and overruled in the recent case of this same plaintiff against the city of Yonkers and others. See opinion reported in 103 N. Y. Supp. 252.

The main objection urged by the defendant Pierson is to the acquisition by the plaintiff of parcels 11 and 14 from the defendant's lands. Such parcels are situated upon the east side of the plaintiff's present railroad tracks at or near the present railroad station at Scarborough. The purpose for which the plaintiff seeks to acquire said parcels is to establish a siding and appropriate facilities for the handling of freight north of the present railroad station; whereas the present siding is situated at the south of that station. The defendant Pierson contends that such change is unnecessary, and that it is entirely practicable for the plaintiff to extend its present siding still further south, and by so doing to acquire all needed additional facilities. The question presented, therefore, is one of judgment and discretion—whether or not the judgment of the railroad officials, or that of the defendant and adjoining owner Pierson, as to the better plan to be adopted in order to secure the needed additional facilities at the point in question, should be adopted. I think that the preference should be given to the judgment of the railroad officials, and I feel the better satisfied with the reasons for their choice which have been submitted in the testimony. In the carrying out of such a general scheme of improvement as that in which the plaintiff is engaged, which, upon the whole, will doubtless be of great public advantage, strong regard must necessarily be paid to the judgment of the railroad officials as to the manner of accomplishing the general result. Upon this point the Court of Appeals, in the case of Matter of N. Y. & H. R. R. Co. v. Kip, 46 N. Y. 546, 7 Am. Rep. 385, said:

"The location of the buildings of the company is within the discretion of the managers, and courts cannot supervise it. The Legislature has committed to the discretion of the corporation the selection of lands for its uses, and if the necessity of lands for such purposes is shown, and the lands sought are

suitable, the courts cannot control the exercise of the discretion, or direct which of several plats of ground shall be taken. If the taking of one plat of ground in preference to another could be shown to work great mischief, and result in great loss, which could be prevented by taking another, and the proceeding to take one parcel compulsorily, in preference to another equally well adapted to the uses of the company, is from some unworthy or malicious motive, and not in the interests of the public, the court might entertain the question, and in the exercise of a sound discretion withhold its consent to the appropriation." 46 N. Y. 553–554.

I think, therefore, that this objection of the defendant Pierson should not be sustained.

The defendants Northern Westchester Lighting Company and Colonial Trust Company, as trustee, object that their lands, parcel No. 3, are already devoted to a public use, and cannot, therefore, be acquired by condemnation under the general condemnation law; no specific authority to acquire such lands being therein given. The general rule thus invoked is, of course, well established. The question here is whether the lands held by such defendant corporation, the Northern Westchester Lighting Company, come within the protection of this exception to the general power of condemnation. This question seems to have been settled adversely to the contention of said defendants by the case of N. Y. C. & H. R. R. R. Co. v. M. G. L. Co., 63 N. Y. 326. The counsel for said defendants in his brief cites from the opinion of the Court of Appeals in the case just cited the following passage, viz.:

"The land in question is not now, and has not been, devoted to gas purposes by the company, and it is not clear that it is absolutely indispensable for their use at the present time. That it may become so hereafter does not necessarily deprive the petitioner of the right to acquire it if the public exigencies demand it." 63 N. Y. 335.

And he contends that, in view of such passage, the opinion of the Court of Appeals should be regarded as holding no more than that the lands of such a defendant company may be condemned when not "absolutely indispensable for their use at the present time." I do not think that such passage should be regarded as so limiting the effect of the opinion, which, as I read and construe it, distinctly holds that the power of condemnation exists as to such land under the authority conferred by the general law; but that, where it appears that such land is absolutely indispensable for the defendants' use at the time of the attempted condemnation, the court, in the exercise of its discretion, may deny the application for its acquisition. I am not satisfied that such a case of indispensable necessity here exists, and I think that the need for the public service that the plaintiff's scheme of improvement be carried out is far greater than any like need resulting from the continued use of the land by the defendant corporation. This objection, therefore, is not sustained.

The judgment, therefore, must be for the plaintiff, as prayed in the petition.

Judgment for plaintiff.